UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHRISTOPHER CORWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 14-3173 |
| | ) |
| MADISON COUNTY JAIL, | ) |
| JOHN HECK, | ) |
| MICHAEL HARE, | ) |
| NURSE, | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Graham Correctional Center, pursues claims for violations of the Eighth Amendment's prohibition against cruel and unusual punishment related to his incarceration at Madison County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

## ALLEGATIONS

Plaintiff alleges that officials at the Madison County Jail refused to provide him with prescribed medication, cleaning supplies necessary to prevent the spread of an infectious disease, access to the law library, and recreational privileges. Plaintiff also alleges that he was exposed to raw sewage in backed-up drains, causing him to suffer from migraine headaches.

## ANALYSIS

Plaintiff alleges violations of the Eighth Amendment's prohibition against cruel and unusual punishment for inadequate medical care, conditions of confinement, and denial of access to the courts. In a prison context, a prison official is liable only when the official acts with deliberate indifference towards inmate health or safety, resulting in a denial of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference means "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

**Denial of Prescription Medications**

For claims involving medical care, prison officials must act with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97,104 (1976). Plaintiff alleges that he requested his prescription medications from Defendants John Heck and the nurse (identity unknown), that his prescriptions were verified by the pharmacy and that said defendants were instructed to provide the medication to Plaintiff, but failed to do so. Further, Plaintiff's requests to speak with a supervisor were denied. Though the denial of prescription medication can give rise to a constitutional claim for deliberate indifference, a plaintiff must provide "evidence that the failure caused injury or a serious risk of injury." Jackson v. Pollion, 733 F.3d 786, 790 (7th Cir. 2013). "[T]here is no tort—common law, statutory, or constitutional—without injury, actual or at least probabilistic." Id. Plaintiff does not allege that he suffered any harm as a result of the denial of his medications, and no facts exist from which the Court can so infer. Plaintiff is given leave to plead

additional facts, if any exist, regarding the harm or injury he suffered as a result of the denial of medication.

## Conditions of Confinement

Plaintiff alleges that he was denied adequate cleaning supplies for shaving razors shared with other inmates. Specifically, Plaintiff alleges that another inmate with whom he and other inmates share shaving razors had been diagnosed with Hepatitis-C, an infectious disease. Plaintiff requested, and was denied, a watered-down bleach solution he intended to use to clean the shaving razors. "[A]llegations that a prison official knowingly exposed an inmate to an infectious disease that might cause him future harm states a claim of deliberate indifference to a serious medical need." Rushing v. Gerst, No. CIV. 10-507-JPG, 2011 WL 721519, at *2 (S.D. Ill. Feb. 23, 2011) (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). Though Plaintiff has not alleged any current harm related to the shaving razors allegation, a prison official may not be "deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms." Helling, 509 U.S. at 34. Therefore, the

Court cannot rule out a constitutional claim for deliberate indifference related to the shaving razors.

Plaintiff also alleges that raw sewage was backed up in the drains at the jail and created such an odor that he suffered migraine headaches as a result. Potentially, this condition could rise to a constitutional violation, though Plaintiff has provided little detail concerning the nature and severity of this condition at the jail. Plaintiff is given leave to plead additional facts with respect to this issue.

## Access to Courts

Plaintiff alleges that his scheduled trip to the prison law library did not happen and he was not able to conduct legal research related to his case. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). The Plaintiff has a right of access to the courts, not the law library, and, at a minimum, must plead "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." Id. The successful filing of a complaint is not

dispositive, rather the relevant inquiry is whether the "denial of access to legal materials caused a potentially meritorious claim to fail." Id. at 969. Plaintiff has not alleged any facts that show a connection between the denial of access to the law library and an inability to pursue any claim. Plaintiff is given leave to plead additional facts, if any, regarding the circumstances surrounding his denial of access to the law library and the connection to any claims he was unable to pursue because of such denial.

## Denial of Recreational Time

Plaintiff alleges he was denied recreational privileges for the entire duration of his stay at the Madison County Jail, a total of 24 days. "'Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened.'" Thomas v. Ramos, 130 F.3d 754, 764 (7th Cir. 1997) (quoting Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996)); Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir. 1988); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985). Plaintiff does not allege that his movement was restricted or that he was unable to improvise an exercise regimen, and the Court is unable to infer from his complaint whether such

conditions existed at the time. Plaintiff is given leave to plead additional facts as it relates to the denial of recreation time.

## Proper Parties to the Lawsuit

Section 1983 creates a cause of action against a "person" who violates a person's rights "under the color of law." See 42 U.S.C. § 1983. The "Madison County Jail" is not a "person" within the purview of the statute, and therefore, not amenable to suit. See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983). Therefore, the Madison County Jail is dismissed as a defendant in this matter.

At this point, the Court is unable to determine what involvement, if any, the remaining defendants had in the alleged constitutional violations. Aside from the claim regarding the denial of prescription medication, Plaintiff does not specifically mention any defendant in the body of the complaint. If Plaintiff chooses to plead additional facts, as noted and allowed above, the Court advises Plaintiff to be as specific as possible regarding the identity of the jail officials with whom he had contact regarding each allegation, and the dates and times of the interactions, if known.

The Court must "take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." <u>Donald v. Cook County Sheriff's Dept</u>., 95 F.3d 548, 555 (7th Cir. 1996). Therefore, the remaining defendants shall remain as parties to this lawsuit pending any additional information provided to the Court.

## Conclusion

The Court finds that Plaintiff has successfully stated a constitutional claim for deliberate indifference as to the conditions of confinement related to the shaving razors. Plaintiff is granted leave to file additional pleadings within 30 days of this Order, related to the denial of prescription medication, conditions surrounding the presence of raw sewage in the jail, denial of recreational privileges and denial of access to the law library. The Madison County Jail is dismissed as a defendant. All other named defendants remain as parties to this lawsuit.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claim: deliberate indifference for conditions of confinement related to the shaving razors. Plaintiff is given leave to file additional pleadings for the remaining claims mentioned above within 30 days of this Order. If Plaintiff does not file additional pleadings, the claims will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

      6)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an**

**initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: December 4, 2014.

FOR THE COURT:

        *s/Sue E. Myerscough*
        SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE